# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL LANG,<br><br>        Petitioner,<br><br>   v.<br><br>JERRY BROWN,<br><br>        Respondent.<br>_____/ | 1:08-cv-01407-DLB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition on October 25, 2004, in the United Sates District Court for the Eastern District of California, Sacramento Division. By order of November 1, 2004, the action was transferred to the Fresno Division.

     The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

     A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v.

1  United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,
2  21 F.3d 359, 360 (9th Cir. 1994).  As Petitioner is currently in the custody of the Avenal State
3  Prison, the current warden of the facility is James D. Hartley.  However, the chief officer in
4  charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at
5  360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
6  parole officer and the official in charge of the parole or probation agency or state correctional
7  agency.  Id.

8  　　　　In this case, petitioner names Jerry Brown, the California Attorney General as
9  Respondent.  Although Petitioner is currently in the custody of the California Department of
10 Corrections, the California Attorney General cannot be considered the person having day-to-day
11 control over Petitioner.

12 　　　　Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
13 for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
14 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
15 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
16 by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,
17 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
18 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
19 Washington, 394 F.2d 125 (9th Cir. 1968) (same).

20 　　　　Accordingly, the Court HEREBY ORDERS:
21 　　　1.　　Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by
22 　　　　　　AMENDING the Petition to name a proper respondent within thirty (30) days of
23 　　　　　　the date of service of this order.
24 　　　2.　　To comply with this directive petitioner need only submit a pleading titled
25 　　　　　　"Amendment to Petition" in which he amends the petition to name a proper
26 　　　　　　respondent.  As noted above, that individual is the person having day to day
27 　　　　　　custody over petitioner - usually the warden of the institution where he is
28 　　　　　　confined.

3. The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

**Dated:   October 4, 2008**              **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE